■ 989 SIXTH AVENUE ASSOCIATES, Appellant, v GREGORY STOLOW, Respondent.—Order of the Supreme Court, New York County (Carol Arber, J.), entered May 6, 1991, which denied plaintiff's motion pursuant to CPLR 3213 for summary judgment in lieu of complaint, unanimously affirmed, without costs.

Plaintiff, the net lessee and landlord of premises located at 989 Avenue of the Americas in the City and County of New York, commenced the underlying action for summary judgment in lieu of complaint seeking to recover the sum of $36,426.08, plus accrued interest, on a written guarantee of payment, signed by defendant, the president of J & H Stolow, Inc., on March 30, 1990. The guarantee was executed in connection with a lease surrender agreement between the landlord and the corporation, signed two days earlier on March 28, 1990, pursuant to which the corporation was obliged to vacate the premises on or before Saturday, March 31, 1990.

Defendant alleges that, on Friday, March 30, plaintiff threatened to refuse to supply elevator service on the follow-

ing day unless defendant executed a personal guarantee of payment of installments due from the corporation pursuant to the surrender agreement. Without Saturday elevator service, defendant contends, it would have been impossible to remove the corporation's considerable office equipment—including several safes and a computer system—until the building reopened the following Monday. As a result, the corporation would have been in breach of the terms of the surrender agreement and liable for payment of rent both under its lease with plaintiff and under the lease for its new location. Plaintiff, however, contends that defendant's evidence does not support his defense of economic duress because defendant failed to establish that a wrongful threat was made in order to extract the guarantee and because defendant, by his inaction, waived the defense and ratified the contract.

The record supports Supreme Court's determination that summary judgment was precluded by triable issues of fact with respect to the affirmative defense of economic duress. The parties' affidavits are in conflict, and questions are raised as to whether defendant was compelled to guarantee the corporate obligations by a wrongful threat that precluded the exercise of his free will, whether defendant acceded to the plaintiff's demands under the press of financial circumstances created by plaintiff's coercive acts and whether the circumstances permitted no alternative other than capitulation to plaintiff's demands *(Austin Instrument v Loral Corp.,* 29 NY2d 124). There is also a question with respect to whether defendant waited until suit was instituted to repudiate his guarantee and may have thereby ratified the agreement *(Bank Leumi Trust Co. v D'Evori Intl.,* 163 AD2d 26, 30). Concur—Sullivan, J. P., Rosenberger, Kupferman and Rubin, JJ.